EDITH H. JONES, Circuit Judge, concurring:
Under current law, the court's opinion in this case is well reasoned and cannot be gainsaid. Neba's long-running and sophisticated Medicare fraud scheme yielded her family $13 million that was flagrantly stolen from U.S. taxpayers. We reject Ms. Neba's claim that her 900-month sentence was "unreasonable" because it was calculated in accordance with the Guidelines, fell within the Guidelines, must be deferentially reviewed on appeal, and is accordingly "presumptively reasonable." Ms. Neba's case, in my view, displays the lack of meaningful judicial standards for determining the substantive reasonableness of Guidelines sentences.
A bit of background is in order. In providing for sentencing guidelines, Congress instructed judges to consider in each case specific factors including "just punishment," the "sentences available," and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(2)(A), (a)(3), (a)(6). The same provision enjoins courts to issue sentences that are "sufficient, but not greater than necessary" to achieve the listed objectives. § 3553(a). Congress instructed the U.S. Sentencing Commission to apply these factors in writing the Guidelines and also to "avoid[ ] unwarranted sentencing disparities." 28 U.S.C. § 991(b). The Sentencing Guidelines Manual acknowledges these directions, stating that "the [Commission's] basic approach" was to achieve Congressional objectives of obtaining "reasonable uniformity" in sentencing similar offenders convicted of similar crimes and "proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of differing severity." U.S. Sentencing Guidelines Manual § 1A1.3 (U.S. Sentencing Comm'n 2000).
The Supreme Court has held that appellate courts may presume that a within-Guidelines sentence is reasonable. Rita v. United States , 551 U.S. 338, 347, 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007). But the Court issued conflicting signals concerning when, if ever, the presumption can be rebutted. The Court's opinion flatly states, "[f]or one thing, the presumption is not binding,"
*267 551 U.S. at 347, 127 S.Ct. at 2463, but it also characterizes the presumption as guided by the abuse of discretion test. 551 U.S. at 351, 127 S.Ct. at 2465. A concurring opinion takes this to mean that "presumptively reasonable does not mean always reasonable; the presumption, of course, must be generally rebuttable," and it adds, "[o]ur decision today makes clear ... that the rebuttability of the presumption is real." 551 U.S. at 366, 127 S.Ct. at 2474 (Stephens, J., concurring) (emphasis in original). In deciding whether defendant Rita's correctly-calculated sentence was "not unreasonable," however, the Court essentially restated and invoked the Guidelines for his crime. See 551 U.S. at 359-60, 127 S.Ct. at 2469-70. If there is a threshold for an appellate finding of substantive unreasonableness, rebutting the presumption, Rita does not clarify it.
The instant case suggests why some such threshold is needed.
First, this 900-month sentence is by far the longest I have ever seen imposed in a Medicare fraud case. Our court has considered many similar fraud schemes and resulting sentences, although this one may involve the most money stolen from Medicare. But the Neba's scheme is not unique in many of its details. By piling on charges, perhaps for tactical reasons, the Government heightened the maximum statutory sentence to life imprisonment and inflated the ultimate Guidelines sentence calculation. Ms. Neba's resulting sentence is not similar to those of defendants sentenced for similar crimes. See, e.g. United States v. Barson , 845 F.3d 159, 168 (5th Cir. 2016) (affirming sentences of 120 months and 130 months for Medicare fraud). Yet under Rita and our precedents, we must assume the district court's within-Guidelines sentence was substantively reasonable because it was procedurally correct.
In effect, the presumption is non-binding in theory but nearly ironclad in fact. Cases in which any court has vacated sentences for "substantive unreasonableness" are few and far between. The Sentencing Commission reported that only one case was reversed or remanded for a "[g]eneral reasonableness challenge" in any circuit in 2017. UNITED STATES SENTENCING COMM'N, SOURCEBOOK OF FEDERAL SENTENCING STATISTICS S-149. Very likely it was referring to a decision by the Second Circuit, which has not adopted the presumption of reasonableness. See United States v. Jenkins , 854 F.3d 181 (2d Cir. 2017) (holding that a 225-month within-Guidelines sentence was substantively unreasonable). On what basis may appellate courts that apply the presumption find an abuse of discretion for sentences that, while within the Guidelines, still embody punishment far outside of the mean for crimes of the same general sort?
Second, while Ms. Neba surely deserves stiff punishment, another way to test the "substantive reasonableness" of her 75-year sentence is to assess its "proportionality" against sentences that have been imposed for other federal crimes. I turn again to my experience with hundreds of federal criminal cases and consider the lengthy sentences this court has often affirmed over the years for crimes by sex traffickers, and child pornography offenders. Compared with these heinous crimes, Ms. Neba's sentence still stands out as among the most severe I have observed. For instance, this court recently affirmed a not-unusual sentence of 292 months for sex trafficking of minors, United States v. Smith , 895 F.3d 410, 417-18 (5th Cir. 2018). The same lengthy sentence was meted out for possession and receipt of child pornography. United States v. Winstead , 717 Fed. App'x 369, 370 (5th Cir. 2017) ; cf. Jenkins, supra (225-month sentence for transporting/possessing thousands of videos and photos of child pornography *268 was "unreasonable"). To be sure, murderers are often sentenced within Guidelines pertaining to RICO offenses, and many receive life imprisonment. See, e.g. , United States v. Velasquez , 881 F.3d 314, 346 (5th Cir. 2018) (affirming the life imprisonment sentences for four defendants charged with violations of RICO and murder). But Ms. Neba also received a de facto life sentence. Is thieving from Medicare, even for a long time and for lots of money, and even accompanied by attempted witness tampering, "proportional" to these crimes? Most laymen would not think so. That the presumption of reasonableness attaches to within-Guidelines sentences despite such disparities between Ms. Neba's offense and violent, exploitative crimes suggests something "unreasonable" is afoot, either in the Guidelines themselves or in courts' inability to assess "substantive reasonableness."
Third, the Supreme Court has recently been concerned about appellate courts' application of the plain error rule, whose purpose is to gauge when errors committed in the sentencing court, but not preserved for appeal, may nonetheless deserve appellate correction. Fed. Rule Crim. P. 52(b). See, e.g., Rosales-Mireles v. United States , --- U.S. ----, 138 S.Ct. 1897, --- L.Ed.2d ---- (2018). In Rosales-Mireles , the petitioner was sentenced to 78 months, which turned out to be in the mid-range of the (ultimate) correct Guidelines calculation, 70-87 months. Id. at 1905. The Court's opinion concluded that the petitioner deserved resentencing even though the maximum benefit to him may be 8 months.[1] Id. at 1911. The Supreme Court held that plain errors on sentencing "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings." Id. at 1906 (citing United States v. Olano , 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted) ).
But if such plain errors, which may affect a few months of imprisonment, deserve judicial correction, I think it fair to ask whether the Court should next begin to consider articulating some rules for "substantive reasonableness." Ms. Neba's uniquely onerous Guidelines sentence stands well outside the heartland of those for similar crimes and is far from proportional to the sentences for life-threatening crimes. The presumption of "reasonableness" is either rebuttable-or it is not.

Practically speaking, the actual resentencing in similar cases occasionally becomes moot because during the course of appeal, the petitioner has served and been released from the erroneously imposed sentence. This court frequently confronts similar disparities of a year or less between the initial erroneous sentence and the correct sentence as eventually determined by the appellate court.